IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03352-BO

ALUCIOURS WILLIAMS, JR, )
)
        Plaintiff, )
)
v. ) ORDER
)
DELMAR HOLDER, RON PORTER, )
BILLIE WILLIAMS, and MICHAEL )
LANCASTER, )
)
        Defendants. )
)

The matter now is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 34). For the following reasons, the court grants defendants' motion for summary judgment and dismisses this action without prejudice for failure to exhaust administrative remedies.

## STATEMENT OF THE CASE

Aluciours Williams Jr. ("plaintiff") filed a pro se hand-written document which the court construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. After United States Magistrate Judge Robert B. Jones, Jr. issued a notice of deficiency directing plaintiff to file his complaint on the proper form, plaintiff complied. See (DE 3, 4). On April 3, 2024, the court conducted a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and directed him to file an amended complaint. See (DE 11).

On April 18, 2024, plaintiff filed his amended complaint alleging claims against defendants Delmar Holder ("Holder"), Ron Porter ("Porter"), Billie Williams ("Williams"), and Michael

Lancaster ("Lancaster") arising out of events which occurred at Maury Correctional Institution on December 9, 2023. On April 29, 2024, the court conducted an initial review of plaintiff's amended complaint and allowed plaintiff to proceed only with the following Eighth Amendment claims: (1) defendant Willaims told other inmates he was a snitch which endangered his life and lead to an alteration; (2) defendant Lancaster intentionally placed handcuffs and full body restraints on plaintiff incorrectly and too tight for a period of five hours; (3) defendant Lancaster failed to intervene in an altercation between plaintiff and defendant Holder; (4) defendants used excessive force against him while he was in full restraints; (5) defendants framed him for a weapon; and (6) defendants Lancaster and Holder urinated on plaintiff's bed and poured disinfectant on plaintiff's food.

On October 30, 2024, the court entered a scheduling order providing a discovery deadline of January 28, 2025, and a motions deadline of February 27, 2025. See (DE 31). The court subsequently extended the deadline to file dispositive motions until March 31, 2025. See (DE 33). On March 31, 2025, defendants moved for summary judgment and argued, inter alia, that plaintiff's action should be dismissed without prejudice for failure to exhaust administrative remedies. Defendants also filed a statement of material facts in support of their motion for summary judgment and an appendix, which included the following: declarations from defendants Williams, Porter, and Holder; an incident report; the North Carolina Department of Adult Correction's ("DAC") Offender Disciplinary Procedures; a disciplinary report; excerpts from plaintiff's medical records; a letter from Kimberly Grande—the Director of the DAC's grievance Resolution Board; and grievance-related documents. Although the court granted plaintiff several extensions of time to respond to defendants' motion for summary judgment, plaintiff did not respond.

2

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.   Analysis

Defendants argue plaintiff's claims should be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, 578 U.S. 632, 639 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Custis v. Davis, 851 F.3d 358, 361-362 (4th Cir. 2017); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

3

Case 5:23-ct-03352-BO-RJ    Document 50    Filed 01/29/26    Page 3 of 5

Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The DAC has a three step Administrative Remedy Procedure ("ARP") which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DAC's ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DAC ARP § .0301(a). If informal resolution is unsuccessful, the DAC ARP provides that any inmate in DAC custody may submit a written grievance on Form DC-410. DAC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of the DAC through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of the DAC shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

Here, defendants presented evidence that plaintiff fully exhausted two grievances during the relevant time, and assert that neither grievance relates to the events of December 9, 2023. See (DE 37-5); (DE 37-6); (37-7). The court agrees. Moreover, plaintiff does not contest defendants' showing that he failed to exhaust administrative remedies prior to filing this action. See Custis, 851 F.3d at 362 (discussing "courts" ability to "dismiss complaints for failure to exhaust administrative remedies when the defendants raise the issue as an affirmative defense and the

4

inmate has had an opportunity to respond to the affirmative defense."); Moore, 517 F.3d at 724-26. Based upon the foregoing, defendants' motion for summary judgment is GRANTED and this action is DISMISSED without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

In summary, defendants' motion for summary judgment (DE 34) is GRANTED, and this action is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies. The Clerk of Court is DIRECTED to amend the court's caption to reflect the full names for defendants Delmar Holder, Ron Porter, Billie Williams, and Michael Lancaster. The Clerk also is DIRECTED to close this case.

SO ORDERED, this the ⟨29⟩ day of January, 2026

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

5